# CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Trent Capital Partners, LLC v. USEPA, et al.

USCA NO.: 25-1084

LOWER COURT or AGENCY and DOCKET NUMBER:
U.S. Environmental Protection Agency

NAME OF JUDGE: N/A

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Petitioner Trent Capital Partners, LLC filed this Petition for Review pursuant to the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2618, and the Administrative Procedure Act, 5 U.S.C. § 706, against Respondents U.S. Environmental Protection Agency (EPA) and Jane Nishida, in her official capacity as the Acting Administrator of EPA. James Payne is now the Acting Administrator. Trent Capital Partners seeks review of EPA's December 17, 2024, final rule, Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 89 Fed. Reg. 102,568 (Dec. 17, 2024) (TCE Rule). Trent Capital Partners' requested relief is vacatur of the TCE Rule.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Attached hereto is EPA's December 17, 2024, final rule, Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 89 Fed. Reg. 102,568 (Dec. 17, 2024).

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

On December 17, 2024, EPA published the final rule, Trichloroethylene (TCE); Regulation Under the Toxic Substances Control Act (TSCA), 89 Fed. Reg. 102,568 (Dec. 17, 2024). That rule bans TCE under the Toxic Substances Control Act (TSCA), which authorizes EPA to "regulate chemical substances . . . which present an unreasonable risk of injury to health or the environment." 15 U.S.C. Section 2601(b)(2). At the same time, EPA determined that banning the use of TCE for battery-separator manufacturers would disrupt national security and critical infrastructure. Accordingly, EPA has purported to grant U.S. battery-separator manufacturers a 20-year exemption from the TCE ban. The terms of that exemption, however, impose infeasible conditions that nullify the putative exemption. Among the infeasible conditions is the Workplace Chemical Protection Program (WCPP), which set an unjustifiably low exposure limit and unreasonably mandates the all-day, every-day use of onerous respirators. Further, EPA's cost-benefit analysis determined that the monetized costs of the Rule exceed benefits by a factor of three.

Trent Capital Partners filed its Petition for Review in the Eleventh Circuit on January 6, 2025. The Fifth Circuit entered an administrative stay of the Rule on January 13. On January 14, pursuant to 28 U.S.C. § 2112(a)(3), the U.S. Judicial Panel on Multidistrict Litigation designated this Court to hear the petitions challenging the Rule. The Eleventh Circuit transferred the proceedings the following day. On January 16, this Court issued an order confirming that the Fifth Circuit's stay remains in place until further order of the Court. On January 28, EPA promulgated the final rule Delay of Effective Date for 4 Final Regulations Published by the Environmental Protection Agency Between November 29, 2024, and December 31, 2024, 90 Fed. Reg. 8254 (Jan. 28 2025), which stayed the effective date of the TCE Rule to at least March 21, 2025.

Identify the issues to be raised on appeal:

Whether EPA's TCE Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 31 day of January, 20 25.

/s/ Michael A. Goldsticker
Signature of Counsel

Rev. 07/2015